**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4168**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HUE DAVIES ANDERSON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., District Judge.  (1:04-cr-00472-NCT-1)

Submitted:  September 11, 2008      Decided:  September 15, 2008

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed and remanded by unpublished per curiam opinion.

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Harry L. Hobgood, Angela Hewlett Miller, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hue Davies Anderson appeals the district court's order revoking his probation and sentencing him to nine months of imprisonment. On appeal, counsel filed an Anders[1] brief, in which he states there are no meritorious issues for appeal, but questions whether the district court erred in imposing a sentence greater than Anderson's original Guidelines[2] range, without notifying the parties pursuant to Fed. R. Crim. P. 32(h) of its intent to impose an upward variant sentence. Anderson was advised of his right to file a pro se supplemental brief, but has not filed a brief. The Government declined to file a brief. We affirm.

This court reviews a sentence imposed after revocation of probation to determine if it is plainly unreasonable. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). We first assess the sentence for reasonableness, taking "a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for guidelines sentence." Id. (quoting United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006)). Although the district court must consider the Chapter 7 policy statements and the requirements of 18 U.S.C.A. §§ 3553(a), 3565 (West 2000 & Supp. 2008), "the sentencing court retains broad discretion to revoke a defendant's probation and impose a term of

---

[1]Anders v. California, 386 U.S. 738 (1967).

[2]U.S. Sentencing Guidelines Manual (2004).

2

imprisonment up to the statutory maximum." <u>Moulden</u>, 478 F.3d at 656-57.

Anderson does not challenge the procedural aspects of his sentence, or assert that it exceeds either the Guidelines range or the statutory maximum. Rather, he argues that the district court's imposition of a sentence in excess of the zero to six month Guidelines range that applied at his original sentencing amounts to an upward variance for which the court did not give advance notice. Anderson acknowledges that his argument is foreclosed by the Supreme Court's recent decision in <u>Irizarry v. United States</u>, 128 S. Ct. 2198 (2008), but he wishes to preserve the argument for further appellate review. Our review of the record leads us to conclude that Anderson's sentence is not unreasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Anderson's conviction and sentence, but remand to the district court for correction of the written judgment to specify Anderson's sentence of imprisonment is nine months, as orally pronounced at the revocation hearing. We deny counsel's motion to withdraw. This court requires that counsel inform Anderson, in writing, of the right to petition the Supreme Court of the United States for further review. If Anderson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to

3

withdraw from representation.  Counsel's motion must state that a copy thereof was served on Anderson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED